[607 NYS2d 253]

In the Matter of LEWIS B. FREIMARK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 25, 1994

**APPEARANCES OF COUNSEL**

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Lewis B. Freimark was admitted to the practice

of law by the First Judicial Department on June 19, 1978. At all times relevant to this proceeding, respondent has maintained an office for the practice of law in the First Department.

By notice and statement of charges dated July 24, 1991, respondent was charged with having violated Code of Professional Responsibility DR 1-102 (A) (4) and DR 1-102 (A) (6), as such provisions existed prior to the 1990 amendments. Specifically, respondent was charged with wrongfully releasing escrow funds totalling $30,000 to his client. Respondent held the escrow money for a third party who was negotiating with respondent's client to purchase an interest in real property. Respondent filed an answer denying that his actions constituted professional misconduct, and alleging that he was misled by his client into believing that his client was entitled to the $30,000.

On March 30, 1993, respondent, by his counsel, entered into a prehearing stipulation admitting that he engaged in conduct which adversely reflected upon his ability to practice law (DR 1-102 [A] [6]), by releasing the escrow money to his client who had no legal or equitable right to it, by failing to take immediate steps to return the escrow money to its rightful owners after respondent indisputably knew his client was not entitled to it, and by later representing falsely that respondent had $30,000 in his escrow account.

Thereafter a hearing was held in which respondent's testimony satisfied counsel for petitioner that respondent did not intentionally defraud the rightful owners of the escrow money, and accordingly the charge of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation (DR 1-102 [A] [4]) was withdrawn.

The testimony at the hearing established that respondent represented Albert R. F. Malbrough, III in negotiations with two third parties to purchase an interest in premises 235-243 W. 100th St., in Manhattan. Prior to the negotiations, Malbrough had shown respondent a draft agreement between Malbrough and the owner of the premises giving Malbrough an option to sell the premises, but respondent had never seen an executed agreement, and in fact, the agreement was never executed.

On May 24, 1987, Malbrough and the purchasers entered into a "Binder Agreement" for the sale of the premises, and respondent signed the agreement as "escrow agent." The

purchasers then delivered $30,000 to respondent to be held in escrow and to serve as consideration for Malbrough's forbearance from offering the premises for sale to any other party for one week. On May 31, 1987, after the parties had failed to agree on a contract, respondent offered to return the $30,000, but the offer was refused and the parties agreed to negotiate further.

By mailgram dated June 3, 1987, respondent notified one of the purchasers that he was releasing the $30,000 to his client because the option expired on May 31, 1987. On June 4, respondent released the escrow money to his client. Thereafter, respondent received $7,500 from Malbrough for his services.

By no later than June 9, 1987, respondent was aware that the true owners had not transferred their equitable interest to sell the premises to Malbrough. By certified letter dated June 30, 1987, and in many conversations, the purchasers protested the release of the $30,000. By letter dated September 11, 1987, respondent advised the purchasers that he was holding $30,000 in his escrow account and offered to release it to them in exchange for a general release and withdrawal of all charges. However, by letter dated October 22, 1987, respondent advised the purchasers that his prior letter was in error and that funds did not exist in his escrow account. Respondent's statement that he had the $30,000 in his escrow account was based on the fact that Malbrough had presented respondent with a check for $30,000 on September 8, 1987, but that check was returned for insufficient funds.

On September 7, 1987, Malbrough filed for protection in the Bankruptcy Court for the Southern District of New York. On August 20, 1991, respondent also filed for bankruptcy protection.

On July 1, 1993, the Hearing Panel issued its report recommending that respondent be publicly censured and required to pay over to the purchasers the sum of $7,500, representing respondent's proceeds from the transaction. The report recommends further that upon respondent's failure to make such restitution that this proceeding may be reinstated.

The Hearing Panel concluded that respondent had a good faith belief that Malbrough had a legal right to sell the premises, and that such belief was based on conversations with one of the owners. The Panel further stated that there may be some validity to the characterization of the binder

agreement as an option agreement pursuant to which respondent was entitled to release the funds upon its expiration. This supports the finding that respondent did not engage in conduct constituting dishonesty. Nonetheless, this record amply supports the finding that respondent engaged in conduct reflecting adversely on his fitness to practice law (DR 1-102 [A] [6]) by his failure to take steps to return the money immediately upon his discovery that his client was not entitled to it, and by his facilitation of his client's deceit. As an escrow agent, respondent's actions fell far short of the high duty he owed as an escrow agent to the purchasers.

In mitigation, the Hearing Panel cited respondent's previously unblemished record as an attorney and his offer of restitution. Our review of the facts and mitigating circumstances supports our conclusion that the motion should be granted and the Hearing Panel's report confirmed, and respondent should be publicly censured. (See, Matter of Rosenman, 22 AD2d 549.)

Accordingly, petitioner's motion to confirm the report is granted and respondent is publicly censured.

MURPHY, P. J., CARRO, ELLERIN, ROSS and ASCH, JJ., concur.

Petition granted, and respondent is publicly censured.